**FILED**

JAN 19 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

BRIANNA C. PASKIEWICZ
    Petitioner

CASE NO.

2: 21-CV- 0123 TLN AC (P

V.

CALIFORNIA LABOR COMMISSIONER LILIA GARCIA-BROWER;
SHARON HILLIARD, DIRECTOR OF EMPLOYMENT DEVELOPMENT;
  CALIFORNIA STATE EMPLOYMENT DEVELOPMENT DEPARTMENT "EDD";
CALIFORNIA ATTORNEY GENERAL XAVIER BECERRA
    Defendant(s)

---

PETITION FOR A WRIT OF MANDAMUS 1094.5 (a) of
CALIFORNIA CODE OF CIVIL PROCEDURE

---

*ATTENTION: THIS MATTER IS ENTITLED TO PRIORITY AND SUBJECT TO
EXPEDITED HEARING AND REVIEW PROCEDURES CONTAINED IN SECTION
1094.8 OF THE CALIFORNIA CODE OF CIVIL PROCEDURE*

Brianna C. Paskiewicz
Pro Se Litigant
305 Marsh Point Drive
Hilton Head Island, SC 29926
Tele: (970) 708-3964
Email: breezypaskiewicz@gmail.com

## JURISDICTION

1. The U.S. District Court of the Eastern District of California shall have original jurisdiction under **28 U.S. Code } 1331**, as BRIANNA C. PASKIEWICZ (PETITIONER) is bringing this civil action under **42 U.S. Code } 1983** against the Defendants' for "state action" which violates the "when due", "prompt payment", and "fair hearing" clause(s) of **Section 303 (a) (1) (3) of the Social Security Act (42 U.S. Code } 503 (a) (1) (3))** federally mandated specifications to reasonably assure full prompt payment when due and claimant's (Petitioner) right to an evidentiary "fair hearing" when there is a protest or dispute or appeal with the California Employment Development Department, hereby referred to as "EDD", regarding a claimant's eligibility, determination, or computation of unemployment benefits.

2. Pursuant to federal and California state agreement, the EDD must adhere to and remain compliant to mandated federal specifications as required under Section 303 of the Social Security Act (42 U.S. Code } 503 (a) (1) (3) and federal regulations. California state unemployment laws must afford at least equal to and/or protections greater than mandatory federal unemployment laws and regulations.

3. Brianna C. Paskiewicz (Petitioner) is bringing this civil action under 42 U.S. Code } 1983 against all Defendants' for state action in violation of Section 303 of the Social Security Act (42 U.S. Code } 503 (a) (1) (3)) for excessive delay, wrongful withholding, and/or denial of qualifying unemployment insurance benefits for over 38 weeks void of any type of procedural due process requirements, including notice for justification of delay or denial, as afforded Petitioner under the Fourteenth Amendment of the United States Constitution and California Constitution prior to deprivation of a "property right".

## STATEMENT OF THE CASE
Wherefore, Petitioner respectfully requests relief as follows:

1. Firstly, Brianna C. Paskiewicz (Petitioner) is bringing this civil action under 42 U.S. Code } 1983 against state officials who are responsible for administration of the "EDD's" unemployment insurance compensation program, including the Director of Employment Development, for continuing state action in violation of the "prompt payment", "when due" and "fair hearing" clause Section 303 (a) (1) (3) of the Social Security Act (42 U.S. Code } 503 (a) (1) (3)), via excessive delay, wrongful withholding, and/or denial of two previously certified weeks (April 19-25, 2020) (April 26 - May 2, 2020) of Petitioner's qualifying federal pandemic unemployment emergency assistance ($1,374) comprising 38 weeks without notice or justification or fair hearing regarding said action thereby in violation of procedural due process requirements as mandated by the Fourteenth Amendment to the U.S. Constitution and California Constitution.

2.    Brianna Paskiewicz (Petitioner) hereby petitions this Court for an Order compelling state officers of the "EDD" to execute the administrative duties, which they are legally obligated to perform through their office (EDD), by either issuing, without further delay, "prompt payment" as due Petitioner for backpay ($1,374.00) in unpaid pandemic unemployment compensation pursuant to Section 2104 (Emergency Increase in Unemployment Compensation) of the Cares Act (a) (b) (1) (A) (B), acting in accordance with federal specifications of Section 303 (a) (1) (3) of the Social Security Act, Section 1326 of the California Unemployment Insurance Code "UIC", and 20 C.F.R. 640.3, and/or provide notice of justification for excessive delay or denial pursuant to UIC Section 1333, and/or provide Petitioner an evidentiary "fair hearing" to be heard on her protest as legally required under Section 303 (a) (1) (3) of the Social Security Act, UIC Sections 1333, 1334, 1336, and 1337 when there is a dispute and appeal regarding benefits.

3.    Petitioner affirms the EDD continues to wrongfully withhold and thereof unjustifiably deny Petitioner two previously certified weeks of her federal pandemic unemployment benefits ($1,374) for over 38 weeks, which she's eligible to receive, devoid of any type of procedural due process as afforded to Plaintiff under the Fourteenth Amendment of the United States Constitution and the California Constitution.

4.    Petitioner alleges that Section 303 (a) (1) of the Social Security Act (42 U.S. Code } 503 (a) (1) (3)), UIC Section 1326 , and Title 20 CFR 640.3(a) require "prompt payment" of unemployment benefits "when due" and the right to an evidentiary "fair hearing" before an impartial tribunal (California Unemployment Insurance Appeals Board) when there is a dispute or a denial in benefits.

5.    Petitioner hereby incorporates the aforementioned paragraphs and alleges the EDD's unreasonable, unjustified, excessive delay in withholding $1,374 in Petitioner's pandemic unemployment relief for 38 weeks is not "timely" or "prompt" payment of unemployment benefits when due.

6.    Secondly, Petitioner hereby incorporates the aforementioned paragraphs and hereby petitions this Court for an order compelling the EDD to execute a duty that they are legally obligated to perform under UIC Section 1275 (a), UIC Section 1279 (a), UIC Section 1329 (a) (b), UIC Section 1329.5 (a), and UIC Section 455.5 (a) (b).

7.    Petitioner affirms that for over 38 weeks, through abuse of discretion, non-compliant to UIC Section 1275, UIC Section 1279, UIC Section 1329.5, UIC Section 455 and UIC Section 455.5 (a) (b), the EDD has refused to take corrective action to include, combine, recompute, and recalculate claimant's (Petitioner) weekly unemployment benefit amount

based on all wages paid in the base period, in-state and out-of-state, as reported on Petitioner's initial application for unemployment compensation on May 2, 2020. The EDD thereof backdated Petitioner's unemployment claim to April 5, 2020.

8. Petitioner affirms, on and between April 5, 2020 through November 2020, Petitioner only received $87.00 per week in unemployment benefits which is approximately only 5% of her total (combined) base period wages.

9. Plaintiff alleges, pursuant to UIC Section 1330, over the past 38 weeks, Plaintiff has sent numerous written disputes and appeals, via certified and regular mailings, EDD online portal, and fax, protesting the EDD's error and/or omission of all base period employers and wages from computation and determination of Petitioner's eligible weekly unemployment benefit amount; all written communications have gone unanswered.

10. Petitioner incorporates the aforementioned paragraphs and alleges the state action taken by the EDD constitutes an egregious violation of federal and state laws and regulations, an egregious deviation from standard unemployment application processing procedures, and fails to meet procedural due process requirements as afforded to Petitioner by the Fourteenth Amendment to the U.S. Constitution and California Constitution prior to deprivation of a "property" interest.

11. Plaintiff hereby incorporates the aforementioned paragraphs and hereby petitions this Court for an order compelling the EDD to execute a duty that they are legally obligated to perform under CUI Section 1275 (a), UIC Section 1279 (a), UIC Section 1329 (a) (b), UIC Section 1329.5 (a),and UIC Section 455.5 (a) (b) and take corrective action to include, combine, recompute, and recalculate unemployment insurance benefits due Petitioner inclusive of all in-state and out-of-state based period wages as reported on Petitioner's initial unemployment application and subsequent written protests and appeals.

## **STATEMENT OF FACTS**

12. Brianna C. Paskiewicz (Petitioner) is bringing this civil action under 42 U.S. Code } 1983 against state officials for taking state action, in violation of the "prompt payment", "when due" and "fair hearing" clause of Section 303 (a) (1) of the Social Security Act (42 U.S. Code } 503 (a) (1)), and UIC Section 1326, devoid of any procedural due process requirements, encompassing 38 weeks and/or two claim periods, with purposeful intent to deny Petitioner two weeks of qualifying federal pandemic unemployment emergency assistance ($1,374).

Brianna C. Paskiewicz * 305 Marsh Point Drive, Hilton Head, SC 29926 * (970) 708-3964

13. Petitioner is bringing this civil action under 42 U.S. Code } 1983 against state officials for taking action in violation of the "prompt payment", "when due" and "fair hearing" clause of Section 303 (a) (1) (3) of the Social Security Act and UIC Section 1326; UIC Section 1275 (a); UIC Section 1279 (a); UIC Section 1329 (a) (b); and UIC Section 1329.5 (a); and UIC Section 455.5 (a) (b), as the EDD refuses to include, combine, compute, and recalculate all Petitioner's base period wages, both in-state and out-of-state, mandated by UIC Section 455 and UIC Section 455.5 (a) (b), as claimant (Petitioner) reported on her initial unemployment application in April 2020 and thereafter numerous written disputes and appeals comprising two claim periods and/or 38 weeks.

14. Petitioner hereby incorporates all the aforementioned paragraphs and affirms all Petitioner's written appeals disputing the EDD's erroneous omissions and miscalculations have gone unanswered by the EDD;  thereby, denying Petitioner her procedural due process rights, including a "fair hearing", and wrongful deprivation of 95% of her qualifying wages without providing Petitioner an opportunity to respond or be heard.

14. Pursuant to California Unemployment Insurance Code "UIC" Section 301, "the Employment Development Department shall be administered by an executive officer known as the Director of Employment Development who is vested with the duties, purposes, responsibilities, and jurisdiction heretofore exercised by the Director of Benefit Payments with respect to the following function: (b) making manual computations and making or denying recomputations of the amount and duration of benefits."

15. Pursuant to UIC Section 317, "the Director of Employment Development shall maintain a field investigating staff, whose function shall embrace investigation throughout the state of violations of this code, to the end that its provisions are more adequately and strictly enforced."

16. Pursuant to UIC Section 1326, "claims for unemployment compensation benefits shall be made in accordance with authorized regulations of the director. Except as otherwise provided in this article, the department shall promptly pay benefits if it finds the claimant is eligible or shall promptly deny benefits if it finds the claimant is ineligible."

## ARGUMENT I

17. 42 U.S. Code } 1983 states, "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction there of to the deprivation of any rights, privileges, or immunities" has the right to sue the government for civil rights violations. It applies when someone acting "under color of" state level or local law has deprived a person of rights created by the U.S. Constitution or federal statutes.

18.  "State action" also exists when a state affirmatively facilitates, encourages, authorizes, or allows violations by its own officers. When a state employee acts in furtherance of what he or she perceives as a state goal, the actions are "state actions" even if they exceed the scope of the employee's authority. ***State employee actions that deny claimant due process are attributable to state action.*** " EDD.gov website.

19.  Section 303 (a) (1) (3) of the Social Security Act (42 U.S. Code } 503 (a) (1) (3)), states *"(a)* *"the Secretary of Labor shall make no certification for payment to any State unless he finds that the law of such State, approved by the Secretary of Labor under the Federal Unemployment Tax Act (26 U.S. Code } 3301), includes provision for -- (1) such methods of administration as are found by the Secretary of Labor to be reasonably calculated to **insure full payment of unemployment compensation when due**; and (3) **opportunity for a fair hearing**, before an impartial tribunal, for all individuals whose claims for unemployment are denied."*

20.  Pursuant to "UIC" Section 1326, *"claims for unemployment compensation benefits shall be made in accordance with authorized regulations of the director. Except as otherwise provided in this article, the department shall **promptly pay** benefits if it finds the claimant is eligible or shall promptly deny benefits if it finds the claimant is ineligible."*

21.  "The very essence of the unemployment compensation insurance program is its provision for the prompt payment of benefits to those unemployed and that any substantial delay would defeat the purpose and bring back the very evil sought to be avoided. Civil actions to recover wrongfully withheld benefits such as unemployment insurance benefits constitute actions for damages." Los Angelos Unified School District v. Livingston (1981) 125 Cal. App. 3d 942, 947; Abelleira v. District Court of Appeal (1941) 17 Cal. 2d 280, 298.

22.  "A violation of Section 303 (a) (1) (3) of the Social Security Act (42 U.S. Code } 503 (a) (1) (3)) without due process is alone sufficient for right of action in federal court. Enjoining compliance with the federal timeliness guidelines requirement is in the nature of equitable relief." Acosta v. Brown (2013) 213 Cal. App. 4th 234, 238.

23. "Prompt payment of benefits is the very essence of the unemployment compensation program." Robles II 236 Cal. App. 4th 530. "Recognizing benefit to the general public from effectuating a fundamental statutory policy." Invest Co. Management, Supra, 22 Cal. App. 5th at p. 465.

24.  "There is a societal importance and/or public interest of an unemployment compensation system that promptly pays receipients all benefits due to advance the legislative objective of reducing the hardship of unemployment; therefore, there is an important statutory and constitutional individual right, as well as important public interest and right, to prompt payment of improper

withholding of unemployment insurance benefits without due process as it ignores and violates the societal importance to the full payment of unemployment benefits to all entitled recipients without unjustified excessive delay or obstruction." Robles v. EDD 236 Cal. App. 4th 530 (2015).

25. Petitioner hereby incorporates the aforementioned paragraphs and alleges the state action taken by the EDD, contrary to statutory laws, regulations, and constitutional rights, via unjustified withholding of two weeks of federal pandemic unemployment emergency assistance (April 19-25, 2020; April 26 - May 2, 2020) without any means of procedural due process for over 38 weeks violates the aforementioned federal and state laws and fundamental rights as afforded under the Fourteenth Amendment of the United States Constitution and the California Constitution; therefore, giving claimant (Petitioner) cause for civil action under 42 U.S. Code } 1983.

26. "Procedural due process involves the deprivation of a "liberty" or "property" interest. When a person has a legally enforceable right to receive a government benefit provided certain facts exist, this right constitutes a "property" interest protected by due process. It is clear that unemployment insurance benefits are a type of property interest protected by the due process clause." Goldberg v. Kelly, 39 U.S. Code } 254 (1970).

27. "It is the purpose of the constitutional right of due process to provide a hearing to provide an opportunity for the claimant to be heard prior to the State taking adverse and/or punitive actions. Therefore, the state must comply with procedural due process requirements before it may deprive claimant of her property interest (unemployment insurance benefits) by punitive actions." Skelly v. State Personnel Board (1975) 15 Cal. 3d 194, 207.

28. Petitioner hereby incorporates the aforementioned paragraphs and alleges, as applied to the facts in this case, the EDD's state action in unjustifiably and excessively withholding and denying Petitioner of two weeks of previously certified federal pandemic unemployment emergency assistance ($1,374) devoid of any type of procedural due process requirements for over 38 weeks (exceeding two claim periods) is not "timely" or "prompt" payment of unemployment benefits which meets the intended statutory requirements.

29. "The fundamental purpose of California's Unemployment Insurance Code "UIC" is to reduce the hardship of unemployment." Paratransit Inc. v. Unemployment Insurance Approval Board (2014) 59 Cal. 4th 551, 558.

30. Petitioner hereby incorporates the aforementioned paragraphs and alleges, all things considered, based on the facts presented, it is reasonably accurate to assume that no person from the EDD ever planned to contact Petitioner or provide Petitioner her right to an evidentiary "fair hearing", as required under UIC Section 1333; UIC Section 1334; UIC Section 1336; and UIC

Section 1337 to discuss, meditate and/or rectify this issue as all Petitioner's written communications and appeals have gone answered and ignored by the EDD for over 38 weeks.

31. Petitioner hereby incorporates the aforementioned paragraphs and alleges that the EDD has a statutory and constitutional duty to either promptly pay Plaintiff her two weeks of federal pandemic unemployment assistance backpay in the amount of $1,374 and/or provide written notification for the reason for their excessive delay in payment or denial and thereof Petitioner's right to a fair hearing. The EDD should have provided Plaintiff the determination and notification which she was entitled to receive under statutory laws, regulations, and fundamental constitutional rights.

32. Plaintiff alleges, specific to this charge, the determination of eligibility of two weeks federal pandemic backpay could have and should have been resolved in one administrative day.

33. Petitioner alleges, all things considered, the EDD is denying Petitioner her two weeks of federal pandemic unemployment assistance with no intention to provide Petitioner procedural due process for said unlawful, unconstitutional deprivation of a "property" interest.

## ARGUMENT II

34. Petitioner alleges the EDD received Petitioner's initial application for federal pandemic unemployment insurance assistance on May 2, 2020 via certified mail.

35. Petitioner affirms the EDD backdated Petitioner's unemployment claim to April 5, 2020.

36. Contrary to Petitioner's initial application for unemployment, the EDD only included, combined, computed, and calculated Petitioner's in-state base period wages, thereby, excluding over 95% of Petitioner's earned out-of-state base period wages for the preceding 19 weeks; this action is non-compliant to required statutory specifications under UIC Section 1275; UIC Section 1329.5; UIC Section 455 (Interstate Wages); and UIC Section 455.5.

37. Petitioner alleges that she received her Notice of Unemployment Insurance Award dated June 29, 2020 in July 2020.

38. Pursuant to UIC Section 1326, UIC Section 1330, and UIC Section 1333, Petitioner immediately sent written protest and/or appeal disputing the EDD's notice of computation as Petitioner's out-of-state base period employers and earned wages were omitted from inclusion and calculation of EDD determination of weekly unemployment insurance benefits.

39. Pursuant to UIC Section 455 (Interstate Wages), "this State shall participate in any arrangements for the payment of compensation on the basis of combining an individual's wages

and employment covered under the division with his wages and employment covered under the unemployment compensation law of other states to assure the prompt and full payment of compensation in such situations. (a) applying the base period of a single state law to a claim involving the combining of an individual's wage and employment covered under two or more state laws. (b) avoiding duplicate use of wages and employment by reason of such combining."

40. Petitioner alleges the EDD, acting in violation of UIC Section 1275, UIC Section 1326, and UIC Section 455 and 455.5, over the period of 38 weeks, has refused to take corrective action to accurately include, combine, compute, and recalculate all Petitioner's in-state and out-of-state base period wages for redetermination of weekly unemployment benefit and/or provide Petitioner written notification for said excessive delay or denial; thereby, denying Petitioner her fundamental right to a hearing prior to deprivation of all eligible unemployment benefits due Petitioner.

41. Petitioner's initial application, backdated to April 5, 2020, reported both in-state and out-of-state base period employers and wages for the 19 months preceding the claim; however, the EDD only included and computed Petitioner's in-state wages, thereby, omitting over 95% of her earned income and awarding her $87.00 per week based on only 5% of her earned income.

42. Petitioner affirms that all Petitioner's written disputes and appeals went unanswered by the EDD during both her first claim period (April 5 - September 2020) and State - Federal EUC extension effective on September 3 through November 26, 2020.

43. Per the EDD, Petitioner has exhausted all her unemployment compensation benefits for her benefit period yet the aforementioned unemployment issues remain unaddressed and unresolved without any type of explanation and/or notification for the EDD's excessive delay and/or denial of due unemployment backpay void of any type of procedural due process whatsoever.

44. Petitioner affirms that she is owed substantial backpay in unemployment insurance benefits reflective of full inclusion and calculation of all her combined base period wages as reported on her initial application and numerous written disputes and appeals over the preceding 38 weeks.

45. Petitioner hereby incorporates the aforementioned paragraphs and alleges that void of statutory policy and due processs procedural requirements, the EDD has taken state action to excessively delay and/or deny Petitioner all eligible federal pandemic unemployment backpay due Petitioner inclusive of both in-state and out-of-state base period wages.

46. Petitioner hereby incorporates the aforementioned paragraphs and affirms, "a violation of Section 303 (a) (1) (3) of the Social Security Act without due process is alone sufficient for right of action in federal court. Enjoining compliance with federal timeliness guidelines requirement is in the nature of equitable relief." Acosta v. Brown (2013) Cal. App. 4th 234, 238.

47. "The possible length of wrongful deprivation of unemployment benefits is an important factor in assessing the impact of official action on the private interests." Arnett v. Kennedy, 416 U.S. 134 (1974). "Prompt and adequate administrative review provides an opportunity for consideration and correction of errors made in initial eligibility determinations. Thus, the rapidity of administrative review is a significant factor in assessing the sufficiency of the entire process and ensuring promptness at all stages of the eligibility determination and payment processes." Fusari v. Steinberg, 419 U.S. 379 (1975).

48. "Procedural due process involves the deprivation of a "liberty" or "property" interest. When a person has a legally enforceable right to receive a government benefit provided certain facts exist, this right constitutes a "property" interest protected by due process. It is clear that unemployment insurance benefits are a type of property interest protected by the due process clause". Goldberg v. Kelly (1970) 39 U.S. Code } 254.

49. "The Fourteenth Amendment "due process clause" applies directly to states. When a government agency is established to pay state or federal benefits, it may not deprive someone of a property interest to which he or she is other entitled without a procedure to determine the basis of the denial." EDD.gov website. "State employee actions that deny the claimant due process are attributable to state action." EDD.gov website.

50. Petitioner hereby incorporates the aforementioned paragraphs and alleges that she has demonstrated sufficient facts to substantiate that the EDD failed to adhere to statutory laws and regulations, standard administrative policy and processing procedures, and procedural due process requirements.

51. Petitioner hereby incorporates the aforementioned paragraphs and alleges that the EDD should have provided Petitioner the administrative review and evidentiary "fair hearing" which Petitioner was entitled to received under federal and state laws, regulations, and fundamental constitutional protected rights.

52. Petitioner hereby incorporates the aforementioned paragraphs and alleges whether through gross error, abuse of discretion, overt discrimination, utter incompetence, and/or other undisclosed reason(s), it is accurate and sufficient to state that Petitioner was denied her statutory and constitutional rights under law.

53. Petitioner hereby incorporates the aforementioned paragraphs and affirms, as a direct result and causation of state action taken by the EDD to excessively delay and/or deny Petitioner all her eligible unemployment insurance compensation backpay for over 38 weeks, Petitioner's 2018 Palomino Camper was repossessed by Mountain America Credit Union on October 20, 2020 for

three months delinquency; Petitioner's 2011 Toyota Tacoma is due to become repossessed by Mountain America Credit Union for past due delinquencies; and Petitioner was forced to file for bankruptcy in November 2020. Petitioner had a 100% rate of on time payments for these accounts prior to becoming unemployed.

54. Petitioner hereby attaches a copy of enclosed Notice of Motion filed in the United States Bankruptcy Court of South Carolina (Case No. 20-04303-dd) by Attorney Graham S. Mitchell of Nelson Mullins Riley & Scarborough L.L.P., 1320 Main Street, 17th Floor, Columbia, SC 29201 verifying egregious financial damages and injuries directly attributed to the unlawful and unconstitutional state action taken by the EDD to excessively delay and/or deny Plaintiff her due backpayment in unemployment insurance benefits. (Exhibit A).

54. Petitioner hereby incorporates the aforementioned paragraphs and affirms that prior to March 2020, Petitioner maintained excellent credit and promptly paid all financial accounts. Please see attached Exhibit B.

55. Petitioner alleges that if the EDD had promptly and efficiently taken administrative review and action compliant to statutory laws and regulations and thereafter corrective action, Petitioner's truck and camper would not have been repossessed, Petitioner's would not have been homeless during COVID-19 pandemic, and Petitioner would not have had to file for chapter 7 bankruptcy.

## RELIEF
Wherefore, Petitioner respectfully requests relief as follows:

56. The First and Fourteenth Amendments to the United States Constitution provide Petitioner (Brianna Paskiewicz) the right to petition the judicial branch of government for redress when she is being unlawfully and unconstitutionally subjected to blatant, egregious violations of statutory laws and regulations, and egregiously denied any procedural due process requirements prior to deprivation of "property rights" (unemployment benefits) by an executive agency of government (EDD).

57. All Petitioner's written disputes and appeals have gone unanswered by the EDD; therefore, the Petitioner has exhausted all her means of redress with the EDD and the Department of Labor regarding this dispute.

58. Emphasizing the EDD's unlawful, unconstitutional actions without any justification for over 38 weeks and the extent of financial damages and injuries that Petitioner has sustained directly attributable to punitive state action without redress, and the ineffectuality of the Department of Labor and/or Treasury in addressing and providing oversight, Petitioner contends the only

Brianna C. Paskiewicz * 305 Marsh Point Drive, Hilton Head, SC 29926 * (970) 708-3964

meaningful way compliance can be achieved is a judicial writ or mandate compelling the EDD to adhere to statutory and constitutional law as applied to the facts in this case.

59. Petitioner hereby incorporates the aforementioned paragraphs and respectfully requests the Court direct the EDD to "promptly" issue Petitioner her "due payment" of ($1,374) for her two weeks owed backpay in federal pandemic unemployment compensation (April 19-25, 2020; April 26 - May 2, 2020) and/or direct/mandate the EDD provide written notification and/or explanation for the excessive delay and/or denial of said unemployment benefits, and Petitioner's right to fair hearing compliant to aforementioned statutory laws, regulations, and Fourteenth Amendment rights.

60. Petitioner hereby requests the Court direct the EDD to provide "prompt" administrative review and corrective action to include, combine, compute and recalulate all unemployment benefits past due Petitioner inclusive of all in-state and out-of-state wages as reported on Petitioner's initial application, and subsequent written disputes and appeals, so that Petitioner receives all unemployment compensation backpay to which she would have been entitled to receive had the EDD properly included, combined, and computed both in-state and out-of-state base period wages retroactive to April 5, 2020.

61. Brianna Paskiewicz (Petitioner) hereby petitions this Court for an order compelling the EDD to execute a duty that they are legally obligated to perform in accurately calculating Petitioner's owed backpay in weekly unemployment benefits retroactive to April 5, 2020, and, thereafter, promptly pay Petitioner the extra $300.00 in weekly federal pandemic unemployment compensation as provided for under **Section 4 (Lost Wages Assistance Program)** (b) (d) (i) (ii) (e), effective July 27, 2020 - December 2020.

62. Petitioner was denied the extra $300.00 in weekly federal pandemic unemployment compensation as provided for in Section 4 of the Lost Wages Assistance Program effective from July 27, 2020 through December 31, 2020 as Petitioner's weekly unemployment insurance benefit amount was under $100.00.

## **VERIFICATION**

I, Brianna C. Paskiewicz, am the Petitioner in this proceeding. The facts alleged in the above petition are true and accurate to the best of my knowledge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED:                                              BRIANNA C. PASKIEWICZ

01/21/2021

Brianna C. Paskiewicz * 305 Marsh Point Drive, Hilton Head, SC 29926 * (970) 708-3964

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In Re: | ) | Case No. 20-04303-dd |
| | ) | |
| Brianna Christine Paskiewicz, | ) | Chapter 7 |
| | ) | |
|    Debtor. | ) | NOTICE OF MOTION FOR RELIEF FROM |
| | ) | AUTOMATIC STAY (11 U.S.C. § 362(A)) |
| | ) | |
| | ) | |

TO: DEBTOR, DEBTOR'S COUNSEL, CHAPTER 7 TRUSTEE, AND THOSE NAMED IN THE ATTACHED MOTION

PLEASE TAKE NOTICE THAT a hearing will be held on the attached motion on:

Date: February 3, 2021

Time: 2:00 p.m.

Place: King and Queen Building, 145 King Street, Room 225, Charleston, SC 29401 (video only)

Within fourteen (14) days after service of the attached motion, the notice of motion, the movant's certification of facts, (and a blank certification of facts form, applicable only to motions for relief from the automatic stay and for service on *pro se* parties only), any party objecting to the relief sought shall:

(1) File with the Court a written objection to the 11 U.S.C. § 362 Motion;

(2) File with the Court a certification of facts (for motions for relief from the automatic stay);

(3) Serve on the movant items 1 and 2 above at the address shown below; and

(4) File a certificate of such service with the Court.

If you fail to comply with this procedure, you may be denied the opportunity to appear and be heard on this proceeding before the Court.

Date of Service: December 30, 2021

Movant: Mountain America Federal Credit Union

NELSON MULLINS RILEY & SCARBOROUGH L.L.P.

By: /s/Graham S. Mitchell
   Graham S. Mitchell, Federal Bar No. 11763
   E-Mail: graham.mitchell@nelsonmullins.com
   1320 Main Street/ 17th Floor
   Post Office Box 11070 (29211); Columbia, SC 29201
   (803) 799-2000

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In Re: | ) | Case No. 20-04303-dd |
| | ) | |
| Brianna Christine Paskiewicz, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | CERTIFICATION OF FACTS |
| | ) | |
| | ) | |

In the above-entitled proceeding, in which relief is sought by Mountain America Credit Union ("Movant") from the automatic stay provided by 11 U.S.C. § 362, I do hereby certify to the best of my knowledge, the following:

1.    Nature of Movant's Interest:

Secured first lien on Debtor's vehicle described as 2011 Toyota Tacoma Double Cab, VIN 3TMLU4EN8BM072755.

2.    Brief Description of Security Agreement, copy attached (if applicable):

Closed End Note, Disclosure and Security Agreement dated 12/7/2018, attached hereto as Exhibit A.

3.    Description of Property Encumbered by Stay (include serial number, lot and block, etc.):

2011 Toyota Tacoma Double Cab, VIN 3TMLU4EN8BM072755.

4.    Basis for Relief (property not necessary for reorganization, debtor has no equity, property not property of estate, etc.; include applicable subsection of § 362):

Section 362(d)(2)

5.    Prior Adjudication by Other Courts, copy attached (Decree of Foreclosure, Order for Possession, Levy of Execution, etc., if applicable):

N/A

6.    Value of Property, copy of Valuation attached:

| | |
|---|---|
| Fair Market Value: | $19,326 |
| Movant Lien | $12,683 |
| Net Equity | $0 |
| Source/Basis of Value | Debtor's Schedules |

2

7.    Amount of debtor's estimated equity (using figures from paragraph 6, supra):

$0

8.    Month and Year in Which First Direct Post-Petition Payment Came Due to Movant (if applicable).

December 2020

9.    (a)    For Movant/Lien Holder: List or attach a list of all post-petition payments received directly from debtor(s), clearly showing date received, amount, and month and year for which each such payment was applied.

No payments received

(b)    For objecting Party (if applicable): List or attach a list of all post-petition payments included in the Movant's list from (a) above which objecting party disputes as having been made. Attach written proof of such payment(s) or a statement as to why such proof is not available at the time of filing this objection.

10.    Month and Year for Which Post-Petition Account of the Debtor(s) is Due as of the Date of this Motion:

December 2020 forward

NELSON MULLINS RILEY & SCARBOROUGH L.L.P.

By:    /s/Graham S. Mitchell
        Graham S. Mitchell
        Federal Bar No. 11763
        E-Mail: graham.mitchell@nelsonmullins.com
        1320 Main Street/ 17th Floor
        Post Office Box 11070 (29211)
        Columbia, SC  29201
        (803) 799-2000
        **Counsel for Mountain America Credit Union**