1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANNA C. PASKIEWICZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LILIA GARCIA-BROWER, et al.,<br><br>　　　　　Defendants. | No. 2:21-cv-00123 TLN AC (PS)<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. Screening Requirement**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and

1  (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

**II. The Action is Barred By Res Judicata**

A. The Complaint

Plaintiff brings a "petition for writ of mandamus" against Lilia Garcia-Brower, Sharon Hilliard, California State Employment Development Department, and Xavier Becerra. ECF No. 1. Plaintiff complains that she did not receive her full federal pandemic unemployment payment. ECF No. 1 at 8. Plaintiff filed a previous case against the same defendants on the same basis; that case was dismissed without leave to amend for lack of jurisdiction and for failure to state a claim

1  on January 21, 2021.  Paskiewicz v. Garcia-Brower, et al., 2:20-cv-02238 TLN AC (E.D. Cal.).

2      B.  Analysis

3      This case brings claims that have already been litigated in Paskiewicz v. Garcia-Brower,
4  et al., 2:20-cv-02238-TLN-AC (E.D. Cal.) ("Paskiewicz I").  That action was dismissed in its
5  entirety with prejudice for failure to state a claim upon which relief could be granted and for lack
6  of jurisdiction.  Paskiewicz I at ECF Nos. 3-5.  The current action is therefore barred by the
7  doctrine of res judicata and must be dismissed.

8      The legal doctrine of res judicata "bars repetitious suits involving the same cause of action
9  once a court of competent jurisdiction has entered a final judgment on the merits."  United States
10 v. Tohono of Odham Nation, 131 S.Ct. 1723, 1730 (2011) (internal quotation marks omitted).
11 Res judicata prevents the litigation of claims for, or defenses to, recovery that were previously
12 available to the parties, regardless of whether they were asserted or determined in the prior
13 proceeding.  Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 378 (1940).  "Res
14 judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the
15 merits, and (3) privity between parties."  Tahoe–Sierra Preservation Council Inc. v. Tahoe
16 Regional Planning Agency, 322 F.3d 1064, 1077 (9th Cir.2003) (internal quotation marks
17 omitted).

18     Here, all the elements of res judicata are met.  First, there is an identity of claims.  The
19 complaints in each case seek "due payment" of backpay owed for the weeks of April 19, 2020
20 and April 26, 2020.  Compare, ECF No. 1 at 12 with Paskiewicz I at ECF No. 1 at 9.  Both seek a
21 recalculation of plaintiff's owed benefits.  Id.  Both cases are styled as a "Petition for a Writ of
22 Mandamus 1094.5(a) of California Code of Civil Procedure."  Compare, ECF No. 1 at 1 with
23 Paskiewicz I at ECF No. 1 at 1.  Though the two complaints are not identical, they clearly arise
24 from the same set of facts.  "Res judicata, or claim preclusion, prohibits lawsuits on any claims
25 that were raised *or could have been raised* in a prior action."  Stewart v. U.S. Bancorp, 297 F.3d
26 953, 956 (9th Cir. 2002) (emphasis original, internal citations omitted).

27     Second, Paskiewicz I was dismissed in part for failure to state a claim upon which relief
28 can be granted.  Paskiewicz I at ECF Nos. 3-5.  This constitutes a dismissal on the merits.

1  Stewart, 297 F.3d at 956 (holding that, unless an order states otherwise, a dismissal on any
2  ground other than lack of jurisdiction, improper venue, or failure to join a party under Fed. R.
3  Civ. P. 19 operates a dismissal on the merits for res judicata purposes.)  The dismissal
4  recommendation in Paskiewicz I stated that the complaint should be dismissed both "for lack of
5  jurisdiction and failure to state a claim."  Paskiewicz I at ECF No. 3 at 6.  Dismissal was on the
6  merits for res judicata purposes.
7    Finally, there is full privity between the parties.  The parties in each suit are the same.
8  Compare, ECF No. 1-1 at 1 with Paskiewicz I, ECF No. 1 at 1.  Where the parties in both actions
9  are identical, they are "quite obviously in privity."  Tahoe-Sierra Pres. Council, Inc., 322 F.3d at
10  1081.  All of the elements are met, and the doctrine of res judicata requires that this action be
11  dismissed with prejudice.

### III.  Conclusion

13    Accordingly, the undersigned recommends that plaintiff's request to proceed in forma
14  pauperis (ECF No. 2) be GRANTED but that the complaint (ECF No. 1) be DISMISSED with
15  prejudice because it is barred by the doctrine of res judicata.
16    These findings and recommendations are submitted to the United States District Judge
17  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days
18  after being served with these findings and recommendations, plaintiff may file written objections
19  with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document
20  should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure
21  to file objections within the specified time may waive the right to appeal the District Court's
22  order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153,
23  1156-57 (9th Cir. 1991).

24  DATED: January 27, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE